UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOSE GARAY
    Plaintiff,

v.                          Case No.: 20-cv-1596

STALLION ON 38, LLC,
d/b/a Tailgaters Bar & Grill

TAILGATERS BAR & GRILL

    and

HASAN S. SALEM
    Defendants.

## COMPLAINT

## PRELIMINARY STATEMENT

This is a complaint brought by Plaintiff Jose Garay ("Plaintiff Garay") against Stallion on 38, LLC d/b/a Tailgaters Bar and Grill, Tailgaters Bar and Grill, and Hasan S. Salem (collectively hereinafter "Defendants") for unpaid overtime wages. Plaintiff Garay was a line cook at Stallion on 38, LLC d/b/a Tailgaters Bar and Grill between June 1, 2019 and November 20, 2019. Stallion on 38, LLC and Tailgaters Bar and Grill are owned and operated by Defendant Hasan S. Salem.

Since June 1, 2019, Defendants have had a common policy and practice of failing to pay Plaintiff Garay overtime premium compensation for all hours worked in excess of forty in a given workweek. As a result of these common policies and

practices, Defendants have failed to compensate Plaintiff Garay for overtime wages in violation of the FLSA and Wisconsin wage and hour laws.

Plaintiff Garay brings this action for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Garay also brings this action for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA.

2. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants have substantial and systematic contacts in this district.

## PARTIES

4. Defendant Hasan S. Salem (hereinafter "Defendant Salem") owns and operates Defendant Stallion on 38, LLC (hereinafter "Stallion") a Wisconsin Limited Liability Company under which Tailgaters Bar and Grill (hereinafter "Tailgaters Restaurant"), located at 7641 Hwy 38 in Caledonia, Wisconsin, was organized (collectively hereinafter "Defendants").

5. Stallion's registered agent is Defendant Salem located at 7641 Hwy 38 in Caledonia, Wisconsin.

6. Plaintiff Garay is an adult resident residing in Racine County, Wisconsin.

## GENERAL ALLEGATIONS

7. From June 1, 2019 until November 20, 2019, Defendants employed Plaintiff Garay as a cook. He was regularly scheduled to work more than seventy (70) hours per week.

8. From June 1, 2019 until November 20, 2019, Defendants agreed to pay Plaintiff Garay via direct deposit bi-weekly and via cash every week.

9. From June 1, 2019 until November 20, 2019, Defendants paid Plaintiff Garay at an hourly rate of $10.00.

10. From June 1, 2019 until November 20, 2019, Defendants regularly suffered or permitted Plaintiff Garay to work in excess of forty hours in a given workweek.

11. From June 1, 2019 until November 20, 2019, Defendants have been aware that Plaintiff Garay worked in excess of forty hours in various workweeks.

12. From June 1, 2019 until November 20, 2019, Defendants paid Plaintiff Garay bi-weekly via check for thirty (30) hours per week and paid the remaining hours worked by Plaintiff Garay every week in cash.

13. From June 1, 2019 until November 20, 2019, Defendants paid Plaintiff Garay at an hourly rate of $10.00 for all hours worked, even hours in excess of forty in a workweek.

14. As a result of the foregoing, at all times pertinent, Defendants paid Plaintiff Garay at the same agreed upon hourly rate for hours worked over forty in a workweek and failed to properly compensate Plaintiff Garay at one and one-half times his respective, regular rates of pay for all hours worked in excess of forty in a workweek in violation of the FLSA.

15. Defendants have also failed to compensate Plaintiff Garay at one and one-half times his respective, regular rates of pay for all hours worked in excess of forty in a workweek in violation of Wisconsin Law.

16. Defendants failed to keep accurate and up to date records regarding the hours worked by Plaintiff Garay and Defendants' payments to Plaintiff Garay.

17. Throughout the relevant statutory period, Defendant Salem had and continues to control of the day-to-day operations of Tailgaters Restaurant.

18. Throughout the relevant statutory period, Defendant Salem had and continues to have control over all human resources and compensation aspects of Tailgaters Restaurant.

19. Defendant Salem determined the rates and methods of compensation for Plaintiff Garay and determined that Plaintiff Garay would not be paid an overtime premium for all hours worked in excess of forty hours in a workweek.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act—Unpaid Overtime Compensation Due

20. Plaintiff Garay reasserts and incorporates by reference all preceding paragraphs as if restated herein.

21. Between June 1, 2019 and November 20, 2019, Plaintiff Garay was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

22. Between June 1, 2019 and November 20, 2019, Defendants were and continue to be engaged in commerce within the meaning of 29 U.S.C. § 203(r)(1).

23. Between June 1, 2019 and November 20, 2019, Plaintiff Garay was an employee within the meaning of 29 U.S.C. § 203(e).

24. Between June 1, 2019 and November 20, 2019, Defendants were employers of Plaintiff Garay as provided under 29 U.S.C. § 203(d).

25. Between June 1, 2019 and November 20, 2019, Defendants violated the FLSA by failing to pay overtime compensation due to Plaintiff Garay for each hour worked in excess of forty hours in a given workweek.

26. Plaintiff Garay is entitled to damages equal to the mandated overtime premium pay for all hours worked over forty in a given workweek for the time during which he worked for Defendants.

27. Defendants' failure to properly compensate Plaintiff Garay and failure to properly record all compensable work time was willfully perpetrated and Plaintiff Garay is therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. 29 U.S.C. § 216(b).

28. Alternatively, should the Court find that Defendants did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Garay is entitled to an award of pre-judgement interest at the applicable legal rate.

29. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff Garay is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Overtime Compensation Due

30. Plaintiff Garay realleges and incorporates by reference all preceding paragraphs as if restated herein.

31. Between June 1, 2019 and November 20, 2019, Plaintiff Garay was an employee within the meaning of Wis. Stat. §§ 109.01 *et seq*.

32. Between June 1, 2019 and November 20, 2019, Plaintiff Garay was an employee within the meaning of Wis. Stat. §§ 103.001 *et seq*.

33. Between June 1, 2019 and November 20, 2019, Plaintiff Garay was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

34. Between June 1, 2019 and June 10, 2019, Defendants were employers within the meaning of Wis. Stat. §§ 109.01 *et seq*.

35. Between June 1, 2019 and June 10, 2019, Defendants were employers within the meaning of Wis. Stat. §§ 103.001 *et seq*.

36. Between June 1, 2019 and June 10, 2019, Defendants were employers within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

37. Between June 1, 2019 and June 10, 2019, Defendants employed Plaintiff Garay within the meaning of Wis. Stat. §§ 109.01 *et seq*.

38. Between June 1, 2019 and June 10, 2019, Defendants employed Plaintiff Garay the meaning of Wis. Stat. §§ 103.001 *et seq*.

39. Between June 1, 2019 and June 10, 2019, Defendants employed Plaintiff Garay within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

40.

41. Between on or around June 1, 2019 and November 20, 2019, Plaintiff Garay regularly performed work in excess of forty hours per workweek while employed by Defendants without receiving overtime premium compensation for all hours worked in excess of forty hours per week.

42. Between June 1, 2019 and November 20, 2019, Defendants had policies, programs, practices, procedures, protocols, routines, and rules of willfully

failing to properly pay Plaintiff Garay for all hours worked in excess of forty hours per week.

43. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

44. The foregoing conduct of Defendants as alleged above constitute willful violations of Wisconsin's law requiring the payment of overtime and agreed upon wages.

45. As set forth above, Plaintiff Garay has sustained losses in his compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff Garay seeks damages in the amount of his respective unpaid compensation and such other legal and equitable relief as the Court deems just and proper.

46. Under Wis. Stat. § 109.11, Plaintiff Garay is entitled to civil penalties equal and up to fifty percent of his unpaid wages.

47. Under Wis. Stat. § 109.03(6), Plaintiff Garay is entitled to recovery of attorneys' fees and the costs incurred in this action to be paid by Defendants.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Garay hereby respectfully requests the following relief:

a) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful in violation of the FLSA and Wisconsin Law and applicable regulations;

b) An order finding that Defendants violated FLSA and Wisconsin wage and hour law;

c) Judgement against Defendants in the amount of equal to Plaintiff Garay's unpaid wages at the applicable agreed-upon wage and/or overtime premium rates;

d) An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

e) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims as well as pre-judgment and post-judgment interest; and

f) Such further relief as the Court deems just and equitable.

Dated this 19th day of October, 2020.

Respectfully submitted,

**HAWKS QUINDEL S.C.**
Attorneys for Plaintiff

By:   <u>s/Summer H. Murshid</u>
Summer H. Murshid, SBN 1075404
Larry A. Johnson, SBN 1056619
Timothy P. Maynard, SBN 1080953

Hawks Quindel, S.C.
222 East Erie Street, Suite 210
PO Box 442
Milwaukee, WI 53201-0442

Telephone: 414-271-8650
Fax: 414-271-8442
Email:     smurshid@hq-law.com
            ljohnson@hq-law.com
            tmaynard@hq-law.com